IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AGENA TRAMP SAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| TRANSATLANTIC LINES LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, AGENA TRAMP SAS (hereinafter referred to as the "Plaintiff" or "AGENA"), by and through its attorneys, Skoufalos LLC, as and for its Complaint, states the following upon information and belief, as against the Defendant, TRANSATLANTIC LINES LLC ("Transatlantic"):

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Transatlantic resides in the district.

**Facts Common to All Counts**

3. The Plaintiff is a foreign limited liability company with a place of business at 1 Rue du Prince Noir, 33310 Lormont, Bordeaux, France.

4. At all relevant times, Plaintiff has been, and is, in the business of providing full ship agency, husbandry and protective agency services to its customers and their vessels in France, North Africa, Belgium, West Africa, South East Asia, and the Caribbean.

5. The Defendant, Transatlantic, is a foreign limited liability company with a place of business at 6 Lincoln Avenue, Greenwich, Connecticut.

6. At all relevant times, Transatlantic has been, and is, in the business of owning and/or operating commercial sailing vessels that transport cargo to overseas destinations.

7. Beginning on or about September 12, 2016, Plaintiff entered into agreement with Defendant to provide agency services to Defendant's vessel, GEYSIR, while the vessel was in the port of Fos Sur Mer, France.

8. Plaintiff arranged for and paid for the following services on behalf of the Defendant and/or its vessel GEYSIR while in port: pilotage; port dues/charges; towage; stevedoring; ICS formalities; computer tax; customs and delivery fees; sludge removal; garbage disposal; cargo handling; fresh water delivery; hotel accommodations; transportation; and an agency fee.

9. Plaintiff's services were specifically requested by Defendant who accepted Plaintiff's rendition of such services without condition.

10. For the Defendant's port call in Fos Sur Mer, the Plaintiff's invoice dated October 20, 2016, reflected a balance due to Plaintiff of EUR 21,413.85[1]. *See attached hereto as Exhibit A a true and correct copy of Plaintiff's October 20, 2016 invoice.*

11. The net sum due and owing to the Plaintiff, as reflected by Plaintiff's invoice is EUR 21,413.85.

12. In addition to the EUR 21,413.85 due and owing from the Defendant, the Plaintiff is entitled to recoverable interest of 10% per annum[2] in the sum of EUR 4496.91, for a total sum owed of EUR 25,910.76[3].

---

[1] As of July 11, 2017, converted to USD this sum equals $24,563.78.
[2] Plaintiff has calculated interest for a two (2) year period of time, which is reasonably calculated as the time period required to recover payment from Defendant on this matter.
[3] As of July 11, 2017, converted to USD this sum equals $29,711.05.

13. AGENA has performed all obligations on its part to be performed under the terms of the agreement between the parties.

14. Transatlantic has never objected to the invoice issued by AGENA.

15. Despite due and repeated demands, Transatlantic has failed to pay for the invoice issued by AGENA, and all sums reflected on said invoice(s) remain due and owing by Transatlantic.

**Count One: Breach of Contract**

16. Paragraphs 1 through 15 are hereby incorporated by reference in this Count One as if set forth herein at length.

17. Transatlantic's failure to remit payment to AGENA for the services performed by AGENA, as reflected on the AGENA invoice (*See Ex. A*), is a breach of contract.

18. By virtue of the foregoing, AGENA has been damaged in the sum of $29,711.05, inclusive of a reasonable calculation of pre-judgment interest thereon from October 20, 2016 to October 20, 2018.

## AS AND FOR A SECOND CAUSE OF ACTION

(Account Stated)

19. Paragraphs 1 through 15 are hereby incorporated by reference in this Count Two as if set forth at length herein.

20. An account was taken and stated between AGENA and Transatlantic, as reflected by the invoice issued by AGENA (*see Ex. A)*, reflecting a principal balance of EUR 21,413.85.

21. Transatlantic has failed to make any payment to AGENA for the aforesaid sums due and owing to AGENA.

22. By virtue of the foregoing, AGENA has been damaged in the sum of $29,711.05, inclusive of a reasonable calculation of pre-judgment interest thereon from October 20, 2016 to October 20, 2018.

## AS AND FOR A THIRD CAUSE OF ACTION

(Quantum Meruit)

23. Paragraphs 1 through 15 are hereby incorporated by reference in this Count Three as if set forth at length herein.

24. From September 12, 2016 to September 14, 2016, AGENA provided the above-described services, and made disbursements on Transatlantic's behalf, at Transatlantic's specific instance and request.

25. The reasonable value of the services and disbursements made by AGENA on behalf of Transatlantic for the period September 12, 2016 to September 14, 2016 was EUR 21,413.85, no amount of which has been paid, and which sum has been duly demanded by AGENA.

26. By virtue of the foregoing, AGENA has been damaged in the sum of $29,711.05, inclusive of a reasonable calculation of pre-judgment interest thereon from October 20, 2016 to October 20, 2018.

## AS AND FOR A FOURTH CAUSE OF ACTION

(Unjust Enrichment)

27. Paragraphs 1 through 15 are hereby incorporated by reference in this Count Four as if set forth at length herein.

28. At Transatlantic's request, AGENA rendered services and made disbursements to, and on behalf of, Transatlantic.

29. Transatlantic agreed to pay AGENA for its aforesaid services and to reimburse

4

AGENA for all disbursements made on its behalf.

30. The agreed value of the services and disbursements for the period of September 12, 2016 to September 14, 2016, inclusive of a reasonable calculation of interest, was EUR 21,843.85.

31. Transatlantic has failed to make any payment to AGENA for the aforesaid services and disbursements.

32. Due to Transatlantic's failure to make payment to AGENA, in breach of the parties' agreement, AGENA has been damaged, and Transatlantic has been unjustly enriched.

33. By virtue of the foregoing, AGENA has been damaged in the sum of $29,711.05, inclusive of a reasonable calculation of pre-judgment interest thereon from October 20, 2016 to October 20, 2018.

**WHEREFORE**, the Plaintiff respectfully requests judgment as follows:

A. Compensatory damages against Defendants on Count One, in the sum of $29,711.05, inclusive of a reasonable calculation of interest;

B. Compensatory damages against Defendants on Count Two, in the sum of $29,711.05, inclusive of a reasonable calculation of interest;

C. Compensatory damages against Defendants on Count Three, in the sum of $29,711.05, inclusive of a reasonable calculation of interest;

D. Compensatory damages against Defendants on Count Four, in the sum of $29,711.05, inclusive of a reasonable calculation of interest;

E. That the Plaintiff be awarded his costs, disbursements and reasonable attorneys' fees incurred in prosecuting this action, currently estimated at $10,000; and

F. For such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated: July 18, 2017
Stamford, Connecticut

                    The Plaintiff,
                    AGENA TRAMP SAS

By: s/ Stephan Skoufalos
     Stephan Skoufalos
     SKOUFALOS LLC  (ct 12809)
     300 First Stamford Place, 2E
     Stamford, CT 06902
     (203) 325-9010
     (203) 325-9011 (fax)

     and

     Kevin J. Lennon (ct 20411)
     *Of Counsel to Skoufalos LLC*